UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ZOILO MEJIA, individually and on behalf of all
other persons similarly situated who were
employed by NORTH SHORE FARMS #1 LTD.
and/or NIKOLAOS KATOPODIS; and/or any
other entities affiliated with or controlled by
NORTH SHORE FARMS #1 LTD. and/or
NIKOLAOS KATOPODIS,

                              Plaintiffs,

                        -against-

NORTH SHORE FARMS #1 LTD. and any
related corporate entities and NIKOLAOS KATOPODIS,

                              Defendants.
------------------------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

CV 10-2589 (DRH) (ETB)

      Before the Court is defendants' motion to compel the production of the named plaintiff's income tax returns. Plaintiff opposes the motion and cross-moves for a protective order precluding defendants from inquiring into or obtaining copies of any plaintiff's tax returns.

      Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both "the private nature of the sensitive information contained therein" and "the public interest in encouraging the filing by taxpayers of complete and accurate returns." Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979). To compel the disclosure of income tax returns, a two-part test must be satisfied: (1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not "otherwise readily obtainable." United States v. Bonanno Family of La Cosa Nostra, 119 F.R.D. 625, 627 (E.D.N.Y. 1988) (citing S.E.C. v. Cymaticolor Corp., 106 F.R.D.

545, 547 (S.D.N.Y. 1985)).

Various courts have applied this two-part test, often with differing burdens of proof. Generally, the party seeking discovery of the income tax returns bears the burden of demonstrating relevancy. Bonanno, 119 F.R.D. at 627. With respect to the second prong of the test, some courts shift the burden to the party opposing the discovery to establish the existence of alternative sources for the information. Compare Airmont Homes, Inc. v. Nalitt, No. 93 CV 5669, 1995 WL 313147, at *2, (E.D.N.Y. May 12, 1995) (granting plaintiff's motion to compel defendant's tax returns when defendant failed to show availability of alternative sources), with Sabatelli v. Allied Interstate, Inc., No. CV 05-3205, 2006 WL 2620385, at *1 (E.D.N.Y. Sept. 13, 2006) (denying plaintiff's motion to compel defendant's tax returns when plaintiff failed to show a "compelling need"). However, the modern trend appears to require the party seeking discovery to demonstrate both relevancy and a compelling need. See, e.g., Ellis v. City of New York, No. 06 CIV. 4827, 2007 WL 1746255, at *3 (S.D.N.Y. Jun. 15, 2007) (quashing subpoena for plaintiff's tax returns when defendants failed to satisfy the two-part test); Barkley v. Olympia Mortg. Co., No. 04 CV-875, 2007 WL 656250, at *7 (E.D.N.Y. Feb. 27, 2007) (denying plaintiff's motion to compel defendants' tax returns for failure to show a compelling need).

There is no claim here by the movant that the tax returns sought are relevant to claims or defenses asserted herein, as distinct from relevance to the subject matter of the litigation. See Rule 26(b)(1), Fed. R. Civ. P. Similarly, the application to compel production is not, as the movant claims, dispositive of this action. In the event that no tax return has been filed by the plaintiff, it does not dispose of any claim or defense asserted herein. Thus, the plaintiff has failed to establish the second prong, i.e., that there is a compelling need for such a document that

cannot be satisfied by less intrusive discovery.

For the foregoing reasons, defendants' motion to compel the production of the named plaintiff's income tax returns is denied. Plaintiff's cross-motion for a protective order precluding defendants from inquiring into or obtaining copies of any plaintiff's income tax returns is granted to the extent set forth above. In all other respects, the cross-motion is denied.

**SO ORDERED:**

Dated: Central Islip, New York
      February 15, 2011

                                              /s/ E. Thomas Boyle
                                              E. THOMAS BOYLE
                                              United States Magistrate Judge